(95 South. 814)

## CONTINENTAL CASUALTY CO. v. PAUL.
(6 Div. 856.)

(Supreme Court of Alabama. April 5, 1923.)

**1. Evidence ⬥597—Scintilla rule as to evidence does not conflict with rule that speculation cannot support verdict.**

The scintilla doctrine does not conflict with the rule that a verdict cannot rest upon pure speculation.

**2. Insurance ⬥646(6)—Burden on owner of automobile insured to show that loss resulted from collision as defined in policy.**

The burden rested on the owner of an automobile insured against collision with moving or stationary object to show that damage sustained was the result of such collision.

**3. Insurance ⬥668(10)—Evidence in favor of insured as to cause of loss held purely speculative and insufficient for the jury.**

In an action on a policy insuring an automobile against injury from collision with any moving or stationary object, evidence that plaintiff had left his car standing on an incline on a highway with rocks under the rear wheels and the brakes fastened, and that the car was found in a damaged condition at the foot of an incline or cliff opposite where it was left, was insufficient to justify submitting to the jury the question of loss by collision.

**4. Insurance ⬥424—"Collision with moving or stationary object" in policy insuring automobile did not include fall over embankment.**

"Collision with any moving or stationary object," as used in a policy insuring an automobile, did not include injuries caused by contact with earth or object in falling over an embankment along the highway.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collision.]

**5. Insurance ⬥646(6)—Unexplained accident to automobile insured held not aided by principle of res ipsa loquitur.**

Where plaintiff's automobile insured against collision was, after his absence therefrom on leaving it on an incline in the highway, found damaged at foot of incline opposite, the unexplained cause of accident was not aided for plaintiff by the principle of 'res ipsa loquitur.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action on an automobile liability insurance policy by James J. Paul against the Continental Casualty Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Stokely, Scrivner & Dominick and Andrew J. Thomas, all of Birmingham, for appellant.

The burden rests upon the assured to prove by the preponderance of the evidence that his automobile was damaged as the result of a collision, within the meaning of the terms in the policy. Mutual, etc., Ass'n v. Scott, 170 Ala. 420, 54 South. 182; W. O. W. v. Maynor, 206 Ala. 176, 89 South. 750; Sov. Camp v. Eastis, 206 Ala. 49, 89 South. 63; Hardenbergh v. Emp. Liab. Ass'n, 80 Misc. Rep. 522, 141 N. Y. Supp. 502. The mere falling of an automobile over an embankment into an adjacent ditch is not a "collision with any moving or stationary object." Bell v. Am. Ins. Co., 173 Wis. 533, 181 N. W. 733; Moblad v. West Ind. Co. (Cal. App.) 200 Pac. 750; Stuht v. U. S. Fid. & Guar. Co., 89 Wash. 93, 154 Pac. 137; Interstate Cas. Co. v. Stewart, 208 Ala. 377, 94 South. 345; O'Leary v. St. Paul F. & M. Ass'n (Tex. Civ. App.) 196 S. W. 575.

London, Yancey & Brower, of Birmingham, for appellee.

The scintilla of evidence rule applies in Alabama, and defendant was properly refused the affirmative charge. Penticost v. Massey, 202 Ala. 681, 81 South. 637. Plaintiff was, under the evidence, entitled to the affirmative charge. Interstate Cas. Co. v. Stewart, 208 Ala. 377, 94 South. 345.

GARDNER, J. Plaintiff, appellee here, was the owner of what is referred to as a cutdown Ford car, with a specially designed body and some extra equipment. He had an insurance policy with defendant company insuring against actual loss or damage to his automobile "resulting solely from accidental collision of such automobile with any moving or stationary object." On the night of February 4, 1921, at about 9 o'clock, the plaintiff with a companion, was returning in this car to the city of Birmingham from Edgewood Park, some few miles from the city. He was driving on what is known as the Montgomery Highway between Edgewood Park and Birmingham, and which crosses Red Mountain. Plaintiff testified that while on his way back to the city, and while driving up the hill, he gave out of gasoline and had to stop his car; that he placed some bricks or rocks under the two rear wheels of the car, leaving it to find a telephone for the purpose of having some one bring gasoline; that after going up the road, possibly a mile, he met his brother, after which he went back to where he left the car, and on the way back met no automobiles nor did he see any one.

Upon the trial the plaintiff testified the distance he walked was about a mile, and that he was "gone about half an hour or three-quarters"; but in answer to interrogatories he stated he went "about two miles, and was gone about an hour." This variance, however, is of no significance.

He had left the car "at or near the crest of Red Mountain," and upon his return it was gone, but the rocks were still there; and, in answer to his interrogatories, he stated that the brakes had been securely applied. The car was left on the right side of the road, with the lights and tail lights on the car burning, though he further stated that he did not leave the front headlight burning. This was on Friday night, and on Monday morning following he learned that his car was in the railroad cut opposite the point from which it had disappeared. One Welch, witness for the plaintiff, testified having seen the car in the cut, and gave description as to the injury it had sustained. Both the front and rear were badly mashed, the top broken, and other damages not necessary to enumerate. Witness further stated that "the front of it had mud all over it where it had hit in a pool of mud down there"; that at the time "it was setting on its wheels about 25 or 30 feet from where it went down." The witness further stated "you could see where it went down." The cut was about 50 or 60 feet deep, and rocks or large lumps of ore protruded from the side of the embankment where the car went down, some of them protruding as much as 3 or 4 feet.

We think this in a brief manner states the plaintiff's case, and it was the contention of the defendant in the court below that plaintiff had failed to offer sufficient proof to meet the burden resting upon him, to the effect that the damage had been the result of a collision with "any moving or stationary object," and to this end asked the affirmative charge with hypothesis, which was refused. This action of the court presents the question of prime importance on this appeal.

[1] We recognize, of course, that what is referred to as the scintilla doctrine prevails in this state, but this does not at all conflict with the equally well-known rule that a conclusion as to liability which rests upon speculation pure and simple is not the proper basis for a verdict. In Miller-Brent Lbr. Co. v. Douglas et al., 167 Ala. 286, 52 South. 414, is the following:

"Inference, in legal parlance, as respects evidence, is a very different matter from supposition. The former is a deduction from proven facts (4 Words and Phrases, p. 3579); while the latter requires no such premise for its justification (8 Words and Phrases, p. 6807). And the courts and juries, in dealing with the inquiry whether a party has discharged his

burden of proof, cannot pronounce upon mere supposition that the burden has been met."

And in Am. Cast Iron Pipe Co. v. Landrum, 183 Ala. 132, 62 South. 757, this court quoted with approval from the case of Patton v. Tex. Pac. R. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, to the effect that, where the testimony leaves the matter uncertain and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible, and for some of which he is not, it is not for the jury to guess between these half a dozen causes and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion. In St. L. & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 South. 70, discussing this question, the court said:

"Other plausible theories may be readily suggested. Whatever conclusion may be reached, it will rest upon speculation pure and simple— a choice merely of conjectures. This court has often declared that such a conclusion is not a proper basis for a verdict."

In the instant case the proof discloses without conflict that the car rolled down this embankment, 50 or 60 feet in height, from which rocks and large lumps of ore protruded, and the damages sustained may readily and most naturally be attributed to this fall.

[2-4] The burden rested upon the plaintiff to show, in the language of the policy as alleged in the complaint, that the damage sustained was the result of a collision with some object either moving or stationary. There was no evidence offered of the existence of any object with which the car did or could have collided. The car was stopped upon an incline—a sufficient incline to cause the plaintiff to place rocks behind the rear wheels. If the brakes failed to hold, and the car of its own momentum, without the application of exterior force, and simply in obedience to the law of gravity, rolled down the embankment to the bottom of this cut, we are clear to the view that the damages thus sustained would not be the result of a collision with "any moving or stationary object."

Numerous definitions of the word "collision," as used in contracts of this character, may be found noted in the opinion of the Supreme Court of Michigan in the case of Universal Service Co. v. Am. Ins. Co., 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183, as well, also, in Bell v. Am. Ins. Co., 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179.

In answer to the insistence that a car which is merely upset and falls down an embankment is damaged as the result of a collision because it comes in contact with the earth, the Wisconsin court said:

"One instinctively withholds assent to the result. The reason is that it makes a novel and unusual use and application of the word 'col-

lision.' We do not speak of falling bodies as colliding with the earth. In common parlance the apple falls to the ground; it does not collide with the earth. So with all falling bodies. We speak of the descent as a fall, not a collision. * * * The incident causing the damage to the automobile here in question is spoken of in common parlance as an upset or tipover. * * * We cannot presume that the parties to the contract intended that an upset should be construed as a collision in the absence of a closer association of the two incidents in popular understanding."

In support of this conclusion we cite the following authorities: Hardenbergh v. Employers' Liab. Ass'r, 80 Misc. Rep. 522, 141 N. Y. Supp. 502; Moblad v. West. Indemnity Co. (Cal. App.) 200 Pac. 750; O'Leary v. St. Paul Fire, etc., Ins. Co. (Tex. Civ. App.) 196 S. W. 575; Stuht v. U. S. Fid. & Guar. Co., 89 Wash. 93, 154 Pac. 137.

Such a state of facts as were involved in Universal Service Co. v. Am. Ins. Co., supra, and in Harris v. Am. Cas. Co., 83 N. J. Law, 641, 85 Atl. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B, 846, are not here presented, and like questions as there considered will be only treated here as they arise.

In Interstate Cas. Co. v. Stewart (Ala. Sup.) 94 South. 345,[1] the driver of the automobile lost control of his car, which started down the hill and ran into an embankment on the side of the road. The embankment was held to be a stationary object within the meaning of the insurance clause similar to that here involved. We think this ruling fully sustained by sound reasoning as well as by the authorities, but the holding in that case is without application here. This court in the Stewart Case, supra, cited with apparent approval Bell v. Am. Ins. Co., from which the above quotation is taken, as well as some of the other authorities herein cited.

[5] Indeed, as we read the brief of counsel for appellee, it is not seriously contended otherwise, but the insistence is made in a rather general way that there is evidence from which the jury could reasonably infer the application of exterior force as the proximate cause of the car rolling down the embankment; but what this evidence is counsel for appellee does not discuss, and we have been unable to find it. The car was left standing, as previously stated, on the right-hand side of the road, which was a narrow road, as testified by the plaintiff, and some of the lights were burning. If the car came in contact or collided with any object, whether moving or stationary, there is nothing in the proof to so indicate. The principle of res ipsa loquitur can add nothing to the plaintiff's cause. All the damage sustained by the car may be readily explained by its fall down this rugged embankment, a distance of 50 or 60 feet, and certainly its fall may as well be explained by the failure of the brakes to hold

_____
[1] 208 Ala. 377.

as by contact with some exterior force. There is no evidence that either a car or person passed plaintiff's automobile during his absence, as heretofore shown.

If we are to speculate, other causes may be conjectured, but, as disclosed by our decisions, verdicts may not be rested upon pure supposition or speculation, and the jury will not be permitted to merely guess as between a number of causes, where there is no satisfactory foundation in the testimony for the conclusion which they have reached.

In this view of the evidence, we are persuaded that the verdict rested merely upon speculation, and that the affirmative charge should have been given, as requested by the defendant.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.