(110 So. 571)

## NATIONAL LIFE & ACCIDENT INS. CO. v. WINBUSH. (6 Div. 740.)

(Supreme Court of Alabama. Dec. 16, 1926.)

1. Pleading ⬤⟞18—In action on life policy, plea of avoidance on ground that insured was not in sound health held demurrable, in view of indefiniteness.

In action on life insurance policy, plea of avoidance on ground that insured was not in sound health *held* demurrable, where it was not sufficient to fairly apprise plaintiff of contemplated or real defense.

2. Insurance ⬤⟞136(4)—Provisions as to sound health are within powers of parties to life insurance contract.

Provisions of life insurance contract as to sound health of insured before policy shall be valid are within power of contracting parties to make.

3. Insurance ⬤⟞646(1)—Policy in evidence is presumed executed by insurer in absence of sworn plea denying execution.

Insurance contract in evidence is presumed to have been duly executed by insurer in absence of sworn plea of non est factum.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Insurance ⬅⟹668(1)—In action on life policy, general affirmative charge held properly given for insured.**

In action on life policy, general affirmative charge *held* properly given for insured, prima facie case of insured being in no way opposed by competent legal evidence offered by way of defense.

**5. Insurance ⬅⟹646(1)—To establish prima facie case in life policy suit, plaintiff must prove existence of contract, death of insured, and giving of notice and proof of death.**

Plaintiff in action on life policy, to establish prima facie case, must prove existence of contract sued on, death of insured or happening of contingency provided for in policy, and giving of notice and proof of death as required by policy.

**6. Insurance ⬅⟹646(3)—Insurer must show violation of conditions to avoid life policy.**

Burden is on insurer, to defeat recovery on life policy, to show violation of conditions avoiding an otherwise valid policy.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action by Lee Winbush against the National Life & Accident Insurance Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Affirmed.

The complaint is for $248, due on a policy, whereby defendant insured the life of Ada Winbush, who died on the 16th day of September, 1924, "of which the defendant has had notice." Defendant's pleas 9 and 10 are as follows:

(9) "For further answer to the complaint and each count thereof separately, the defendant says that the cause of action sued on is based on an insurance policy issued by the defendant to Ada Winbush, with Lee Winbush as the beneficiary in said policy. Defendant further alleges that in order to secure the issuance of said policy the said Ada Winbush made a written application therefor, and defendant alleges that said application provided, among other things, the said Ada Winbush declared the answers in said application to be complete and true and that said answers with said declaration should form the basis of the contract of insurance between the said Ada Winbush and this defendant, and that the policy that was to have been granted by this defendant in pursuance of said application should be accepted subject to the conditions and agreements contained in said policy. The defendant further alleges that subsequent to the execution of the said application by the said Ada Winbush, the policy of insurance which is the foundation of this suit was issued by this defendant and that said policy of insurance contained the provision, among others, as follows: 'No obligation is assumed by the company prior to the date hereof nor unless on said date the insured is alive and in sound health.' And defendant further alleges that on the said date of issuance of the said policy the said Ada Winbush was not in sound health. The defendant alleges that by reason of the fact

that the said Ada Winbush was not in sound health on the day the said policy was issued that this defendant assumed no obligation by reason of the issuance of the said policy. The defendant alleges that the unsound health of the said Ada Winbush increased the risk which this defendant otherwise would have assumed."

(10) "For further answer to the complaint and each count thereof the defendant says that the cause of action herein sued on is based on a policy of insurance issued to one Ada Winbush with Lee Winbush as the beneficiary thereunder. And the defendant further alleges that the said policy of insurance contained the provision, among others, that this defendant assumed no obligation under the said policy of insurance unless on the date of the issuance thereof the said Ada Winbush was in sound health. The defendant alleges that as a fact on the date of the issuance of the said policy the said Ada Winbush was not in sound health. And defendant further alleges that the unsound condition of the said Ada Winbush's health on the date of the said policy increased the risk which this defendant otherwise would have assumed."

By amendment defendant added to each of its pleas an averment of tender of premiums paid under the policy.

Plaintiff demurred to these pleas upon these among other grounds: That they do not set up sufficient facts to show misrepresentation; that they fail to state that the alleged misrepresentations were knowingly made by the insured with intent to deceive defendant; that defendant acted thereon to its detriment; that no facts are set out to show in what the unsound health consisted; and that the clause set up is against public policy in a contract.

On the trial plaintiff offered in evidence the policy sued on. Defendant objected to the introduction of same upon the ground that it was not signed by National Life & Accident Insurance Company, and because it was not shown to have been executed by the defendant.

The fourth interrogatory propounded by plaintiff to defendant was as follows:

"State your reason for declining to pay the said policy, and, if you have any defense to this suit, state fully the facts upon which such defense is based."

The answer was as follows:

"Our reason for declining to pay the said policy is as follows: When insured, Ada Winbush, made application for this policy, she understood that she was not required to undergo a medical examination by a physician because of the cost involved, and that in her application the company relied upon statements which she certified to be true regarding the condition of her health. Defendant says that at the time Ada Winbush made application for this policy and at the time the policy was issued to her she was not in good health, and they further say that the said Ada Winbush knew she was not in good health. The defense of this suit is based upon the

breach of warranty, misrepresentation, and fraud of the said Ada Winbush in procuring the execution of this policy."

There was verdict for the plaintiff and judgment thereon, from which the defendant has appealed.

Bankhead & Bankhead and A. F. Fite, all of Jasper, for appellant.

Defendant's pleas were not subject to demurrer. Mutual Life Ins. Co. v. Allen, 174 Ala. 511, 56 So. 568; 37 C. J. 404; Gallant v. Metropolitan Life Ins. Co., 167 Mass. 79, 44 N. E. 1073; Metropolitan Life Ins. Co. v. Howle, 62 Ohio St. 204, 56 N. E. 908. The policy offered in evidence was not signed by appellant, and objection thereto was erroneously overruled. Appellant's answers to interrogatories made the question whether appellant's pleas were proved a question of fact, and the affirmative charge should not have been given for appellee.

Curtis, Pennington & Pou, of Jasper, for appellee.

If there was technical error in sustaining demurrer to plea 7, it was without injury, since defendant had the benefit of said plea under pleas that were submitted to the jury. Mutual Life Ins. Co. v. Witte, 190 Ala. 328, 67 So. 263. Pleas 9 and 10 were too indefinite in averment and were subject to demurrer. Mutual Life Ins. Co. v. Witte, supra; Empire Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Mutual Ins. Co. v. Allen, 174 Ala. 517, 56 So. 568. In absence of a plea of non est factum, the contract is presumed to have been executed by defendant's authority. Endowment Department v. Harvey, 6 Ala. App. 239, 60 So. 602. Plaintiff's proof made out a prima facie case, defendant offered no evidence in support of its pleas, and plaintiff was entitled to the affimative charge. 25 Cyc. 925; National Life & Acci. Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45.

THOMAS, J. We have examined the several demurrers directed to pleas and find no reversible error. If there be technical error in ruling on plea 7, its comparison with plea 3, to which demurrer was overruled, indicates that no error was committed in sustaining demurrer to plea 7. Mut. Life Ins. Co. v. Witte, 190 Ala. 327, 67 So. 263; Mass. Mut. Life Ins. Co. v. Crenshaw, 195 Ala. 263, 70 So. 768. The latter was no broader than plea 3 and presented the same defense.

[1, 2] Demurrers were sustained to pleas 9 and 10. The provisions of the contract as to good or sound health are within the power of contract of the parties. 37 C. J. p. 404; Gallant v. Metropolitan Life Ins. Co., 167 Mass. 79, 44 N. E. 1074; Cherokee Life Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175.

However, the plea of avoidance thereunder was not sufficient to fairly apprise the adverse party of the contemplated or real defense, or not so distinctly stated as to be understood by the other party, respective counsel, the court, and the jury. 2 Cooley's Briefs, 1178; Empire Ins. Co. v. Gee, 171 Ala. 435, 441, 55 So. 166; Mutual Life Ins. Co. v. Witte, 190 Ala. 327, 330, 67 So. 263; Mutual Ins. Co. v. Allen, 174 Ala. 511, 517, 56 So. 568. This is in accord with the distinction in pleading between the required averments of a complaint and a plea. Dwight Mfg. Co. v. Holmes, 198 Ala. 590, 73 So. 933.

[3] The contract in evidence is presumed to have been duly executed by defendant in the absence of a sworn plea of non est factum. Endowment Dept., etc., v. Harvey, 6 Ala. App. 239, 60 So. 602.

[4-6] The trial court could not properly have done otherwise than give the general affirmative charge duly requested by the plaintiff in this case. The defendant does not deny that the evidence received made a prima facie case for the plaintiff. That it did is in accord with established law. Plaintiff, to establish a prima facie case, must prove: (1) The existence of the contract or policy sued on; (2) the death of the insured or the happening of the event provided for in the policy; and (3) the giving of notice and proof of death, as required by the policy. On the other hand, the burden is on the company to show a violation of conditions avoiding an otherwise valid policy. The plaintiff's proof met all these requirements. It established for him a prima facie case, and, if the jury believed his evidence, there was no verdict they could render except for him, inasmuch as the defendant offered no evidence whatever in support of its pleas.

Appellant's answer to the fourth interrogatory merely stated its reason for nonpayment of the claim, in practically the words of the pleas that were filed. The answer was signed by L. T. Ward, the company's local manager, who stated that he was answering only on information and belief, and did not pretend to be testifying from personal knowledge. His testimony was not and could not have been competent legal evidence for the purpose of showing the fact, and was a mere statement of the defense relied upon by the defendant. He was not placed on the stand to testify. Plaintiff having proved his case, and no evidence being offered by way of defense, it was proper for the court to give the general affirmative charge. Nat. Life & Accident Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45; McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.