196 So. 171

**NATIONAL LIFE & ACCIDENT INS. CO. v. BLANCHARD.**

**4 Div. 533.**

Court of Appeals of Alabama.
March 19, 1940.

Rehearing Granted May 14, 1940.

Meader & Jones, of Montgomery, and Ewell C. Orme, of Troy, for appellant.

John C. Walters, of Troy, for appellee.

RICE, Judge.

This was a suit, framed in one count in Code form, by appellee, the beneficiary therein, against appellant, on a policy of life insurance issued by the defendant (appellant) on the 25th day of January, 1937, on the life of Lelor Blanchard. The insured, Lelor Blanchard, died on January 22, 1938.

To the complaint the defendant interposed by its pleas two alleged defenses, which were, in the language of appellant's counsel, to-wit: (1) "That there was a settlement between the plaintiff and the defendant on February 19, 1938, in which the defendant gave its check to the plaintiff in the sum of $9.36 and took a receipt for the same in full payment of all claims due him under the policy, and that upon the failure of the plaintiff to cash the defendant's check prior to filing suit some months later, the defendant paid into the Clerk of the Circuit Court the sum of $9.36 which was due to the plaintiff by the defendant under the terms of the agreement, as well as the policy;" and (2) "that the assured, Lelor Blanchard, was suffering from tuberculosis at the time that the application for the insurance was taken and at the time that the policy was delivered."

Neither the "certified copy of the record of Dr. J. N. Baker, the State Health Officer, which showed the findings of the State Health Department on the examination of the sputum of Lelor Blanchard made on January 19, 1937," nor the "certified copy of the record of Dr. J. N. Baker of the State Health Department, which showed the report of Dr. W. P. Stewart on Lelor Blanchard, dated January 20, 1937," were admissible in evidence.

The proffered "copies" were not of "books or papers or parts thereof" required by law to be kept "in the office, custody or control" of Dr. Baker; and hence his certificate did not serve to make same admissible, under the terms of Code 1928, Sec. 7681, or under the terms of any other provision of law with which we are acquainted. Without some specific statutory authorization for the admission of such "copies" into the evidence, they were, of course, but hearsay.

There are but three assignments of error argued to us. What we have said above disposes of the first two.

The third assignment so argued is that the trial court erred in giving to the jury at appellee's request the general affirmative charge to find in his favor.

Upon this assignment we have carefully studied the entire evidence. The same fails completely to bear out appellant's contention that it had made a "settlement" with plaintiff.

True, it discloses that appellee, a negro man of the age of some 26 years, was approached, or accosted, in his home, at night, a few days after the death of his wife, the insured, Lelor Blanchard, by Mr. C. C. Hunnicutt, appellant's "Manager" at Montgomery, Ala., with jurisdiction over the county in which this suit arose, accompanied by Mr. E. L. Smith, appellant's "Superintendent," with like jurisdiction under Mr. Hunnicutt, and one Mr. Otha Mason. And that upon this occasion Mr. Hunnicutt and Mr. Smith, by much argument, asseveration, and persuasion, undertook to convince appellee his policy (the one here sued on), was of no force—that Lelor Blanchard had tuberculosis when she applied for same, and when same was delivered to her. But that appellee was never convinced.

The testimony further discloses that while appellee was induced to sign a release—under what we believe was, obviously, much pressure—it at the same time discloses that he would not—did not—accept the check for $9.36 (the policy was for $300) which was, so to speak, "pushed at him." It reveals, clearly, that he was sorely pressed by at least two of the three men present in his home; but that he never acceded to their request—put so convincingly so to appear almost a demand—that he accept the check for $9.36 in full settlement of his claim under the policy in question. That in fact he did not accept it—but took it, at last, with this his expressed proviso, viz.: "That he would take the check to Mr. Joe Hollis (apparently one of his white friends) and ask his opinion about it." And added: "If I cash it, it will be settled, and if I don't, it won't."

Appellee never cashed said check, but returned it to appellant. So the alleged "release," obtained as aforesaid, was entirely without consideration and void.

As for appellant's contention that Lelor Blanchard was suffering with tuberculosis at the time she applied for said policy and at the time same was delivered to her, we have again made a careful study of the testimony in the case.

Before the trial court could be said to be in error in having given to the jury the general affirmative charge to find in favor of appellee, we would have

to be able to say that there was testimony affording a "reasonable inference of a material fact unfavorable to the right of recovery [of appellee]." Carter v. Fulgham, 134 Ala. 238, 32 So. 684, 685.

But if the only basis for a verdict in favor of defendant (appellant) must rest upon "speculation pure and simple, a choice merely of conjectures," it is not sufficient to justify the refusal of the affirmative charge to plaintiff (appellee). Southern Ry. Co. v. Woodstock Mills, 230 Ala. 494, 161 So. 519; Continental Casualty Company v. Paul, 209 Ala. 166, 95 So. 814, 30 A.L.R. 802; National Life & Accident Insurance Company v. Winbush, 215 Ala. 349, 110 So. 571; St. Louis & S. F. R. Co. v. Dorman, 205 Ala. 609, 89 So. 70.

We may say, here, as the Supreme Court said in its opinion in the case of National Life & Accident Ins. Co. v. Winbush, supra, [215 Ala. 349, 110 So. 572], to-wit: "The trial court could not properly have done otherwise than give the general affirmative charge duly requested by the plaintiff in this case. The defendant does not deny that the evidence received made a prima facie case for the plaintiff. That it did is in accord with established law. Plaintiff, to establish a prima facie case, must prove: (1) The existence of the contract or policy sued on; (2) the death of the insured or the happening of the event provided for in the policy; and (3) the giving of notice and proof of death, as required by the policy.

"On the other hand, the burden is on the company to show a violation of conditions avoiding an otherwise valid policy. The plaintiff's proof met all these requirements. It established for him a prima facie case, and, if the jury believed his evidence, there was no verdict they could render except for him," inasmuch, we go on to say—somewhat after the language used in the opinion in the Southern Ry. Co. v. Woodstock Mills case, supra: As the only basis for a verdict in favor of defendant (appellant) must have rested upon "speculation pure and simple, a choice merely of conjectures" [230 Ala. 494, 161 So. 522]—for that, as we read the testimony, is as much as appellant's evidence offered on the trial amounted to.

We find no error in the ruling underlying the third assignment of error; as we found none in the rulings underlying either the first or second.

So the judgment stands affirmed.

Affirmed.

## On Rehearing.

We must follow where the Supreme Court of our State leads. Code 1923, Sec. 7318.

Our opinion in this case was promulgated on March 19, 1940. And as the law was known to us on that date, we felt, and feel, that it was correct.

But it seems that five days before the release of our said opinion, our Supreme Court had promulgated its opinion in the case of Woodmen of the World Life Ins. Soc. v. Guyton, now reported in 194 So. at page 655 [1]—but which opinion had not, when we wrote, come to our attention—in which opinion it, as we read it, changed the law theretofore subsisting with reference to the admissibility into the evidence of the "certified copy of the record of Dr. J. N. Baker, the State Health Officer, which showed the findings of the State Health Department on the examination of the sputum of Lelor Blanchard made on January 19, 1937," and the "certified copy of the record of Dr. J. N. Baker of the State Health Department, which showed the report of Dr. W. P. Stewart on Lelor Blanchard, dated January 20, 1937." Certainly it changed our understanding of the law.

So now, in the light of this opinion by the Supreme Court (Woodmen of the World Life Ins. Soc. v. Guyton, 194 So. 655 [1]), and upon its authority, it becomes our duty to hold, and we do hold, that the two documents described in the next herein preceding paragraph, and mentioned in the third and fourth paragraphs of our original opinion, were admissible into the evidence. And that the trial court erred in sustaining the appellee's objections to their admission. Code 1923, Sec. 7318.

For this error, or these errors, the judgment in appellee's favor must be reversed.

Accordingly, the appellant's application for a rehearing is granted; the judgment

of affirmance heretofore rendered is set aside; the opinion thus extended and corrected. And for the errors indicated the judgment is reversed and the cause remanded.

Application granted; reversed and remanded.