99 So.2d 692

**Beulah ROTA**

v.

**Fannie Lee COMBS.**

**3 Div. 798.**

Supreme Court of Alabama.

Dec. 19, 1957.

Rehearing Denied Jan. 23, 1958.

Calvin M. Whitesell, Montgomery, for appellant.

Hill, Hill, Stovall & Carter, Montgomery, for appellee.

STAKELY, Justice.

 Beulah Rota (appellant) brought this action for damages for personal injuries against Fannie Lee Combs (appellee). The action arose from an intersectional automobile collision. The complaint contained a count alleging simple negligence and a count alleging wantonness. The cause was submitted to the jury on Count One, the simple negligence count after the court had, by its charge, eliminated Count Two from the jury's consideration. The verdict and judgment were for the appellee. Appellant filed a motion for new trial which was overruled. This appeal is from that judgment.

Two automobiles collided on November 24, 1955, at the intersection of South Lawrence Street, a one way street going south, and Alabama Street, a one way street going east, both being public streets in the City of Montgomery, Alabama. Between the hour of 4:00 and 4:30 p. m., appellant was riding with her husband, who was driving his car, a 1955 BelAir Chevrolet. They were proceeding east on Alabama Street. Appellee was proceeding south on South Lawrence Street, driving a 1951 Chevrolet. Appellant was injured as a result of the collision between the two

vehicles. Appellant's husband, the driver of the car in which she was riding, had been drinking prior to the accident and was charged with reckless driving at the scene by the investigating police officers. The charge resulted in a conviction in police court a short time thereafter. There is a "Yield Right of Way" sign as to vehicles proceeding east on Alabama Street prior to reaching the intersection where the accident occurred. The "Yield" sign was facing and applicable to the vehicle in which the appellant was traveling in its approach to the intersection. Lawrence Street at this intersection has no traffic control instrumentality as to vehicles proceeding south immediately prior to reaching said intersection and appellee's automobile had the right of way. The speed limit at the point of the accident is 25 miles per hour. The front end of appellee's vehicle struck the appellant's vehicle in the center of the lefthand side. As a result of the impact, the car driven by the appellee was turned completely around and traveled about 23 feet from the point of impact to the place where it came to rest, facing in the direction from which it had come. There were no skid marks left by the appellee's car. The car of appellant's husband traveled a distance of 48 feet after the impact, in the same general direction that it was traveling prior to the collision, jumped over the curb of Alabama Street, knocked down one steel sign and a United States Mail Box, and came to rest pointing in the same general direction as it was traveling at the time of the impact.

Appellant assigns as error the charge of the court which amounted to giving the affirmative charge as to Count Two (wanton count) of the complaint. Appellant urges that under the scintilla rule there was sufficient evidence to warrant submission of the question of wantonness vel non to the jury. The testimony upon which the appellant relies to establish the question of wantonness vel non was rendered by the appellant herself. Appellant, although admitting she had never operat-

ed an automobile, testified that she observed the vehicle of the appellee when it was about 25 feet from the automobile in which plaintiff (appellant) was riding, and she stated, "I will have to say the speed of 60 or 65 miles an hour, or either it looked that way to me—when it just flared up, like that."

■ This testimony is the only basis relied upon by the appellant to substantiate her charge of wantonness. All other testimony as to the speed of the appellee's automobile estimates the speed at 20 to 25 miles per hour, and it is so listed on the police accident report. Stripped of the above statement by the appellant concerning the speed of the appellee's auto, there is no evidence upon which to base a claim of wantonness. "We recognize, of course, that * * * the scintilla doctrine prevails in this state, but this does not at all conflict with the equally well-known rule that a conclusion as to liability which rests upon speculation pure and simple is not the proper basis for a verdict." Continental Casualty Co. v. Paul, 209 Ala. 166, 95 So. 814, 815, 30 A.L.R. 802. Also it has been well said that " 'A witness may be as thoroughly discredited by the inherent improbabilities of his testimony as by the direct testimony of witnesses.' * * * And 'evidence, even though uncontradicted, need not be accepted as proof of a fact, when it is contrary to all reasonable probabilities of the case.' " Williams v. Ellington, 233 Ala. 638, 172 So. 903, 906. See also Peters v. Southern Ry. Co., 135 Ala. 533, 33 So. 332. The physical facts surrounding the accident do not support the testimony of appellant concerning the speed of appellee's vehicle. The two vehicles are of approximately the same weight. Neither vehicle was turned over by the impact, but the appellee's was turned completely around, and came to rest only 23 feet from the point of impact after the collision. Appellant's vehicle travelled some 48 feet in the same general direction as it was before the collision. To say that a vehicle travelling at the speed alleged

by the appellant collided with a slow moving vehicle of similar size and weight, striking a solid blow to the mid-section of that vehicle with the above stated results is beyond good reason and common knowledge. A very similar collision occurred in King v. Brindley, 255 Ala. 425, 51 So.2d 870, 875, in which case the court said:

"To say that an automobile running 70 miles per hour can drive head-on into the side of another automobile standing still, or nearly so, of approximately equal weight, with the results outlined above, is by far, too great a tax on judicial credulity. We simply know that it did not happen. Stripped of this evidence, there is none left upon which to predicate a finding that appellee was guilty of negligence which proximately contributed to her injury, and the trial court did not err in giving the general charge in her favor on that issue."

In that case the testimony in question was uncontradicted, whereas in the present case such testimony is strongly contradicted by other testimony. On this point the court further elaborated as follows:

"The mere fact that the testimony given by a witness in support of an issue is not plausible does not destroy its probative force. Where, however, the testimony of the witness is incredible, inherently or physically impossible and unbelievable, inherently improbable and irreconcilable with, or contrary to physical facts and common observation and experience, where it is opposed to all reasonable probabilities as to be manifestly false, or is contrary to the laws of nature or to well-known scientific principles, or where it cannot be said to amount to substantial evidence of facts testified to or accepted as a basis of liability, it is to be disregarded as being without evidentiary value even though uncontradicted. 20 Am.Jur. pp. 1033, 1034, 1035, §§ 1183, 1184; Peters v. South-

ern Ry. Co., 135 Ala. 533, 33 So. 332; Continental Casualty v. Paul, 209 Ala. 166, 95 So. 814, 30 A.L.R. 802; Catlett v. Chestnut, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212."

The court below did not err in giving an affirmative charge as to the wanton count in the complaint of the appellant.

 We further find no error in the refusal of the court to set aside the verdict of the jury and grant a new trial. The evidence tends to support the verdict and findings of the jury and finding no error to reverse, the judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.