## GAYLE & SAFFOLD V. BENSON.

1. The assignment of a judgment, is a transfer of the money to be collected on it, and when collected by the attorney of the original plaintiff, who has had notice of the assignment, is held for the use of the assignee.
2. The action of assumpsit may be maintained by the assignee, for the recovery of the money, against the attorney, after notcie of the assignment, and demand of the proceeds of the judgment.

Error to the Circuit Court of Dallas.

THIS was an action of *assumpsit*, brought by the defendant in error, against the plaintiffs in error, as partners. The declaration contains the common money counts, and upon issue joined on the pleas of *non assumpsit* and payment, the plaintiff obtained a verdict and judgment.

The evidence offered on the trial of the cause, as appears by a bill of exceptions, was that a judgment had been previously obtained, by one Burke, for the use of one Roberts, against John McLaughlin, adm'r, for seventy-nine dollars six cents ; that the execution was returned satisfied, by the sheriff, and the money paid over to the defendants, who were the attornies of record. The plaintiff also offered in evidence a written assignment of the judgment from Roberts, and a demand of the money, before the commencement of this action. To the introduction of the assignment, the defendants objected, but the Court overruled the objection. One of the defendants was a witness to the assignment. The defendants proved they had

paid over the money to Roberts; and evidence was also offered conducing to prove a dissolution of the law partnership of the defendants. The bill of exceptions contains other testimony not necessary to be noticed, upon which the Court charged the jury:

1. That the defendants were liable, as charged in the declaration, for the said sum of money, if it was received while they were partners, and that a dissolution of the partnership before the commencement of this suit, did not bar the present action.

2. That as to all persons dealing with the firm, the defendants were bound to give actual notice of the dissolution, and to all persons not dealing with the firm, they were bound to give public notice in the Gazette.

3. That if they believed one of the defendants had notice of the assignment of the judgment after the dissolution of the firm, and not the other, they might find against him alone.

The defendants moved the Court to charge the jury, that if the transfer of the judgment was made, after the dissolution of the firm of Gayle & Saffold, the firm was not liable; upon which the Court charged the jury, that they might find a verdict against the member of the firm who had received notice. To which the defendants excepted, and now assign for error, the charges given, and the refusal to charge, as set out in the bill of exceptions.

PECK, for the plaintiff in error, made two points: First, that the assignee of the judgment, under the facts of this case, cannot maintain an action in his own name, and cited Metcalf & Perkins Dig. 297.

Second. That the Court erred, in instructing the jury that they might find against one or both of the defendants. Aik. Dig. 268.

J. B. CLARKE, contra.

ORMOND, J.—The principal question presented in this case, is whether the defendant in error, who is the assignee of a judgment, can maintain an action against the attornies at law of the plaintiff in the judgment after notice of the assignment and receipt of the money. The assignment of the judg-

ment was a transfer of the money to be collected on it; it was an absolute and unconditional appropriation of it to the assignee. The money, when collected by the attorney, was the property of the assignee, and held for his use, and we can perceive no reason why he should not be allowed to maintain this action to recover it after demand made, notice of the assignment of the judgment, having previously been given,

The counsel for the plaintiff in error, has relied on a case cited from 5 J. J. Marshall, 651; only a brief abstract of which from Metcalf & Perkins Dig. has been brought to our notice. The principle said to be decided is, that an assignee of a judgment, cannot maintain an action against an *officer*, who, after notice pays it over to the assignor, the judgment creditor. We have not been favored with the reasoning of the Court, but presume the decision turned on the fact, that the mandate of the writ required the sheriff to bring the money into Court, and that being in the custody of the law, it could not be intercepted. Without affirming or denying the correctness of this decision, it is sufficient to say, that this case is totally unlike it; an attorney at law, is the agent of the party, and the principal may appropriate money in his hands to the use of another, after notice of which, if he pays it to the principal like any other agent, he will be responsible to the person to whom the fund really belongs, in an action for money had and received, founded on the implied promise. That the case of an attorney at law, does not constitute an exception to the general rule, see the case of Taylor v. Bates, 5 Cowen, 376.

As the jury, by finding against both defendants, have affirmed that the money was received, and notice given by the plaintiff, while the partnership existed, it is not necessary to enquire into the correctness of the charge, that they might find against one of the defendants, if the money was received after the dissolution of the firm, as the charge, if wrong in point of law, could not by possibility prejudice the defendants.

Let the judgment be affirmed.