181 So.2d 896

Naomi C. HEADRICK

v.

UNITED INSURANCE COMPANY
OF AMERICA.

6 Div. 178.

Supreme Court of Alabama.

Jan. 6, 1966.

E. Ray Large, Birmingham, for appellant.

London, Yancey, Clark & Allen, Birmingham, for appellee.

MERRILL, Justice.

This appeal is from a judgment for the defendant insurance company based upon a directed verdict in a suit on an insurance policy. Count One-A of the complaint was based upon an alleged oral contract to insure the life of plaintiff's deceased husband, and Count One-B declared in Code form on the policy.

In oral argument, counsel for appellant stated that he was relying on his assignment of error relating to Count One-B for reversal.

This is the second appeal in this matter. On first appeal, we held that under the evidence, the defendant was entitled to the affirmative charge on both counts. United

Insurance Co. of America v. Headrick, 275 Ala. 594, 157 So.2d 19.

The evidence on the second trial was the same as that of the first with two exceptions—first, the plaintiff did not introduce the interrogatories which had been propounded to the defendant; and second, the plaintiff introduced testimony of C. D. Brooks, a recognized expert in the field of questioned documents.

When plaintiff rested, defendant also rested and the court explained to the jury why he was giving and did give the requested affirmative charge without hypothesis.

The evidence upon which the appellant must rely in seeking reversal is that given in the testimony of Brooks. This witness' testimony is concerned with the area on a form entitled "Application for Insurance" which was admitted as plaintiff's exhibit "C", and reserved "FOR HOME OFFICE USE ONLY."

We have the exhibit before us as we did on first appeal. The section of the application marked "FOR HOME OFFICE USE ONLY" does show a smudged condition on the line "Date of Issue" and the line "To."

Brooks' testimony makes one affirmative statement relating to the smudged area on the paper. He stated that an eradicator substance was used in the area in question, but he could not determine if any particular date had been written in the area.

We recognize that the scintilla rule prevails in this state, but this does not at all conflict with the equally well-known rule that a conclusion as to liability which rests upon speculation pure and simple is not the proper basis for a verdict. Rota v. Combs, 267 Ala. 50, 99 So.2d 692; Continental Casualty Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A.L.R. 802. Evidence which affords nothing more than mere speculation, conjecture, or guess is wholly insufficient to warrant the submission of a case to the jury. Williams v. Palmer, 277 Ala. 188, 168 So.2d 220, and cases there cited.

Here, the application for insurance was dated at Birmingham on October 25, 1958, and shows that the home office was in Chicago. The applicant died November 10 and there is no evidence of either the issuance or delivery of the policy even to an agent of the company.

We also said on first appeal:

"This aside, even had a date been written in this area of the application, we do not see that it could avail the plaintiff below. Particularly apt to the present situation is the following from Munhall v. Travelers' Ins. Co., 300 Pa. 327, 150 A. 645:

'As to the averments that defendant prepared and executed a written policy, and fraudulently refused to issue and deliver it, there is no legal significance in them. As the application was but an offer, the company was free to accept or reject it. The mere execution of the policy is not an acceptance; an acceptance, to be complete, must be communicated to the offeror, either directly, or by some definitive act, such as placing the contract in the mail. The test is not, as appellant seems to think, intention alone.'"

We stated in Jessup v. Shaddix, 275 Ala. 281, 154 So.2d 39, that it is well established in this jurisdiction that where, by the undisputed evidence, the plaintiff has not shown that he is entitled to recover on his complaint, the court may direct a verdict for the defendant, and it is immaterial whether the jury believe the evidence or not.

The trial court correctly followed the opinion in this cause on first appeal and no reversible error appears.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.