**316**

184 So.2d 827

**BIRMINGHAM COCA–COLA BOTTLING COMPANY**

v.

**Mary Lillian GOSA.**

**6 Div. 200.**

Supreme Court of Alabama.

March 31, 1966.

J. Kirkman Jackson, Birmingham, for appellant.

Roscoe B. Hogan and George S. Brown, Birmingham, for appellee.

HARWOOD, Justice.

The complaint below claimed damages for injuries which it was averred were sustained by the plaintiff-appellee when she drank a Coca-Cola containing particles of glass, which was bottled by the defendant-appellant.

The jury returned a verdict in favor of the plaintiff and fixed her damages at $19,000.

In explanation of the amount of damages awarded, we observe that the tendency of the plaintiff's evidence was to the effect that after having consumed the Coca-Cola and becoming aware of particles of glass therein, she immediately felt discomfort and illness, which became progressively worse and eventually resulted in an ulcer in the stomach for which she was operated on several months later. About half of her stomach was removed in this operation.

The weight of the evidence or amount of damages awarded are not before us in this review. Counsel for appellant has confined his argument solely to claimed errors arising from the refusal of certain written charges requested by the defendant in the trial below. Our review will accordingly be confined to the errors asserted.

Appellant's first argument is based upon assignment of error No. 7. This assignment asserts error because of the court's refusal of defendant's requested charge No. 28. Charge 28 was affirmative in nature with hypothesis, as to Birmingham Coca-Cola Bottling Company, a partnership.

As an addendum the charge carries the following notation:

"This charge is requested because there has been a failure of proof in that it is charged that the defendant *negligently sold* the beverage made the basis of this suit whereas the proof indicated it did not do so." (Emphasis ours.)

The complaint in parts pertinent to the point now being considered, reads as follows:

"* * * the defendants were engaged in the preparation and bottling of the beverage popularly known as 'Coca-Cola,' which said beverage, after being so prepared and bottled, was sold and distributed to merchants, to be sold by them at retail for the purpose of human consumption as a beverage. Plaintiff further avers that in the course of the said business, the defendants, by and through their servants, agents or employees acting within the line and scope of their said employment, prepared and bottled a bottleful of said beverage, which in due course of business was purchased and received by a merchant in Cullman, Alabama, named Johnnie's Bar-B-Q and was, by Johnnie's Bar-B-Q, retailed to the plaintiff, Mary Lillian Gosa, for the plaintiff's use and consumption of said beverage, and the plaintiff further avers that the defendants' servants, agents or employees, acting within the line and scope of their said employment, negligently permitted said bottle of Coca-Cola to be wholly unfit for human consumption by reason of having therein a quantity of particles of glass within the said drink, which made it sickening and dangerous to any person who consumed said beverage, and plaintiff further avers that she purchased said bottle of said beverage for her own consumption, and she drank a portion of same containing said quantity of particles of glass, and as a proximate result of the defendants' negligence, as aforesaid: * * *"

The gravamen of the count is that the defendant prepared and sold Coca-Cola to merchants for retail by them, not that the defendants negligently sold the beverage. The negligence charged in the complaint is in the bottling thereof.

The evidence shows that the Birmingham Coca-Cola Bottling Company sells its entire production to Crawford Johnson and Company which distributes the beverage to various localities, including Cullman.

E. C. Prestwood of Crawford Johnson and Company, testified that his company sold Coca-Cola to Johnnie's Bar-B-Q during December 1961, and January and February 1962.

The bottle from which the appellee drank the Coca-Cola was introduced in evidence by the plaintiff below. Blown into the bottom of the bottle are the words "Gadsden, Alabama." In this connection Mr. Prestwood testified that this would indicate that the bottle was originally sold to a Gadsden Coca-Cola company. However, Mr. Prestwood further testified that sometimes a "foreign" bottle gets into the hands of a local bottler when exchanged by travelers who have brought the bottle into a different territory. It then goes to the bottling company in such different territory.

Johnnie Graves, the proprietor of Johnnie's Bar-B-Q in Cullman, testified that he purchased Coca-Cola from Crawford Johnson and Company twice a week, and from no other source.

■ Thus there was no substantial variance between the nature and elements of plaintiff's cause of action as alleged in her complaint and as proved in the aspect of variance asserted by the appellant. The charge was refused without error. City of Birmingham v. Estes, 229 Ala. 671, 159 So. 201, 97 A.L.R. 114.

■ We have carefully considered the charges en banc which are respectively made the bases of the remaining assignments of error. We are clear to the conclusion that such charges were refused without error in that they were either faulty, or the principles sought to be enunciated were fully covered by the court's oral charge, or by other written charges given at the defendant's request. No useful purpose would be served by a full dis-

cussion of these assignments and charges in that such discussion would be merely a reiteration of principles already set forth in many of our decisions.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.