Plaintiffs, V.H. Roberts and his wife, Idella C. Roberts, brought a cause of action in tort for fraud against the Defendants, Burt and Gloria Carroll, the owners of nineteen acres of real estate which they had subdivided for sale primarily in two-acre lots. In the approximate center of the nineteen acres is a pine tree which is relevant as a reference point because, according to the Robertses the land shown to them by Burt Carroll, which they agreed to buy, consisted of two acres west of the tree, whereas the deed later conveyed described two acres east of the tree. Sometime after conveyance, Burt Carroll was seen landscaping and building a driveway on the disputed land and was told he was working on the wrong property. Thereafter, the Robertses filed suit against the Defendants, alleging the Carrolls had fraudulently substituted another parcel for the two-acre tract which they, the Robertses had contracted to purchase. From a directed verdict in favor of the Carrolls, the Robertses appeal. *Page 946 
There are two issues presented on this appeal: 1) Was the trial Court correct in directing a verdict for the Defendants on the basis that Plaintiffs had failed to establish one of the requisite elements to an action in fraud, namely, that Plaintiffs had suffered any actual damages? 2) Was the trial Court correct in directing a verdict for the Defendants on the basis that Plaintiffs' evidence was insufficient for submission to the jury?
It is well settled that in order to maintain a cause of action in tort for fraud 1) there must be a false representation, 2) the false representation must concern a material, existing fact, 3) the plaintiff must rely on that false representation, and 4) the plaintiff must be damaged as aproximate result thereof. International Resorts, Inc. v.Lambert, 350 So.2d 391 (Ala. 1977); Pihakis v. Cottrell,286 Ala. 579, 243 So.2d 685 (1971).
In the Court below, there was uncontradicted testimony by one of the Defendants' witnesses that the value of the land which the Robertses allege they had contracted to buy was exactly the same as the tract which, in fact, was conveyed by deed, at both the time of conveyance and at trial. Appellees contend that Plaintiffs suffered no damages and, therefore, their cause of action in tort for fraud necessarily must fail.
It is well settled that land is unique and that its value to a purchaser, particularly one who purchases for his own use, cannot be assessed in monetary terms alone. As stated by this Court in International Resorts:
 "Real estate, by its very nature, is unique and one piece cannot be substituted for another as if they were identical in value and appeal to the purchaser." 350 So.2d 391 at 394.
Due to the uniqueness of land, damages are presumed for purposes of a cause of action in tort for fraud where it is alleged that, under a contract to convey land, the vendor fraudulently substituted another and different parcel for the one which was, in fact, bargained for by agreement of the parties. The Robertses' cause of action for fraud does not fail for lack of the material element of sustained damages although, upon remand of this case, there still remains to be determined the ultimate question whether there was in fact a false representation.
With respect to the second issue raised on this appeal, the rule is well established that a directed verdict may not be given where the evidence is open to a reasonable inference of a material fact unfavorable to the moving party. Alford v. Cityof Gadsden, 349 So.2d 1132 (Ala. 1977); Carter v. Fulgham,134 Ala. 238, 32 So. 684 (1902). Stated another way, where a directed verdict is requested, the entire evidence must be viewed in a light favorable to the party opposing the motion, and it is only where the facts are such that reasonable men must draw the same conclusion from them that the issue becomes one of law for the court to determine; otherwise, the question is one of fact for determination by the trier of facts. Alabama Rules of Civil Procedure, 50 (e); Draughon v. General FinanceCredit Corp., 362 So.2d 880 (Ala. 1978).
On the other hand, evidence which affords nothing more than mere speculation, conjecture, or guess is wholly insufficient to warrant submission of the case to the jury. Headrick v.United Insurance Company of America, 279 Ala. 82, 181 So.2d 896
(1966).
It is unnecessary here to give a detailed recitation of the evidence adduced in this case. Suffice it to say, V.H. Roberts testified at the trial that on both visits to the Carroll subdivision he and Burt Carroll walked on land west of the pine tree and discussed the purchase and sale of a two-acre lot in this area only; and, on their second visit, Roberts expressly rejected Carroll's offer to sell him land east of the tree. There is nothing conjectural or speculative about this evidence; and the fact that it comes wholly from testimony given by the Plaintiffs and is denied or contradicted by Defendants does not make it so.
Headrick, cited by Appellees, concerned an action brought on a life insurance policy *Page 947 
where the applicant died less than three weeks after making application and there was no evidence of the policy's ever having been issued or delivered. The plaintiff in that case attempted to establish issuance of the policy by testimony from an expert that the space on the application form reserved for action by the company showed that a prior eradication had taken place as evidenced by a smudge. The inference relied upon by the plaintiff in that case was that the company had, in fact, issued the policy and then, later, eradicated the issuance date. The Court held this inference, based on no more than evidence of a smudge and eradication, to be mere conjecture and speculation.
An inference is a deduction of fact that reasonably may be drawn from another fact or group of facts. It is in the very nature of inductive, as opposed to deductive, reasoning that the same premise, or set of premises, will give rise to more than one inference, each of which is logically compatible with the initial premise or premises. Merely because the same factual premise will support more than one inference does not of itself render the proffered evidence conjectural or speculative. Indeed, inferences may be of greater or lesser persuasion even though, as a matter of strict logic, they may all follow rationally from the same premise.
It is only where evidence points equally to inferences both favorable and unfavorable to the moving party that it lacks probative value; and its use to support one inference more than another, when in fact it will support both with equal plausibility, becomes mere conjecture and speculation. But where evidence reasonably tends to support inferences favorable to the moving party, more than those unfavorable to that party, such evidence has probative value and is not conjecture or speculation.
In Headrick, the evidence supported the inference merely thatan erasure had taken place, not what had been eradicated. The fact of eradication supported, with equal plausibility, inferences both favorable and unfavorable to the offering party; thus, it was inadmissible as conjectural and speculative.
Here, in support of their "speculative" argument, Appellees point to uncontradicted evidence that the boundary line of the lots in question had not been definitely established; thus, they contend, the jury would have to speculate on the location of the agreed upon lot. But this is a "credibility of evidence" and a "weight of the evidence" issue rather than a "conjectural or speculative" issue. If the jury chooses to believe the Robertses' version of the facts, no measure of speculation is required to conclude that the Carrolls conveyed to the Robertses a lot different from the one the parties had agreed upon. We hold, therefore, that the trial Court erred in not submitting the case to a jury.
REVERSED AND REMANDED.
TORBERT, C.J., and BEATTY, J., concur.
MADDOX and SHORES, JJ., concur in the result.