ON REHEARING
HOLMES, Judge.
The original opinion in this cause dated February 11, 1981, is withdrawn and the following is substituted therefor.
*63 ' This is a fraud case.
Harold and Bobby Nix sued Ollie Estes. The complaint contained two counts, the first alleging fraudulent misrepresentation and the second fraudulent concealment. Estes moved for a directed verdict on both counts. The motion was denied. The trial court submitted the case to the jury on both theories and the jury returned a general verdict in favor of Harold and Bobby Nix in the amount of $3,000. Estes appeals and we reverse.
The dispositive issue is whether the trial court erred in denying Estes’ motion for directed verdict.
The record reveals the following facts:
Estes is the owner of a service station. Since 1968 Estes has rented this station to a number of tenants on a month to month basis. Each tenant operated the station as his own business and purchased gasoline and oil from Estes.
In 1977, Mr. and Mrs. Kennedy, the stepfather and mother of Harold and Bobby Nix, took over the operation of the station. The Kennedys paid rent to Estes and purchased gasoline and oil from him.
On August 21, 1979, the Nix brothers, Harold and Bobby, purchased the service station business from the Kennedys for $8,000. The purchase included the station’s inventory and various items of equipment. The Nix brothers had to borrow money to finance the purchase of the business.
After assuming operation of the station, the Nix brothers paid rent to Estes and purchased gasoline and oil from him.
The Nix brothers vacated the station in October, 1979, under threat of eviction by Estes.
On September 6, 1979, while the station was occupied by the Nix brothers, Estes executed a written lease of the station to Larry Farmer. The execution of this lease led to the termination of the Nix brothers’ tenancy in the station.
At trial Bobby Nix testified, without objection, that on September 14,1979, Farmer came to the station and told the Nix brothers and Mrs. Kennedy that he and Estes had been negotiating the lease of the station for two or three months.
As indicated above, the Nix brothers alleged fraudulent misrepresentation and fraudulent concealment in this complaint. These allegations arise from a purported telephone conversation between Mrs. Kennedy and Estes on August 15, 1979. Mrs. Kennedy testified that she called Estes on behalf of the Nix brothers to secure his approval of the Nix brothers as tenants. She testified to the effect that she informed Estes of the planned sale of the business and of the Nix brothers’ need to borrow money. She also testified, without objection, that Estes had approved of the Nix brothers as tenants.
The Nix brothers’ charge of fraudulent misrepresentation is based on the allegation that Estes, in the above mentioned telephone conversation, told Mrs. Kennedy that the Nix brothers could rent the station indefinitely. However, at trial Mrs. Kennedy testified that Estes had never said the Nix brothers could rent the station indefinitely. Further, Bobby Nix testified that he had never been told that he and his brother could rent the station indefinitely and that he had just assumed that they could do so.
With respect to the charge of fraudulent concealment, the Nix brothers alleged that after having been informed of the Nix brothers’ plan to borrow money and purchase the business, Estes failed to disclose to them his plans to lease the station to Larry Farmer.
At the close of all the evidence Estes moved for a directed verdict specifying as one ground the failure of the Nix brothers to produce a scintilla of evidence to show that Estes represented to them that they could occupy the station indefinitely. As stated above, the motion for directed verdict was denied. Estes appeals from the denial of this motion.
It is well established that in order to maintain an action for fraudulent misrepresentation there must be, among other things, a false representation. Roberts v. Carroll, Ala., 377 So.2d 944 (1979).
*64 The Nix brothers alleged that Estes falsely represented to them that they would be allowed to rent the station indefinitely. However, as stated above, Bobby Nix and his primary witness, Mrs. Kennedy, testified that Estes did not in fact make the purported misrepresentation.
There being no evidence to substantiate the existence of a material element of the Nix brothers’ claim for false misrepresentation, Roberts v. Carroll, supra, we find that the trial court erred in overruling Estes’ motion for directed verdict on that claim. See, United States Fidelity & Guaranty Co. v. Jones, Ala., 356 So.2d 596 (1977).
As stated above, the trial court submitted the case to the jury on both counts, fraudulent misrepresentation and fraudulent concealment. The jury returned a general verdict which did not state the count upon which the verdict was based. Because the jury could have founded its verdict upon an unproven claim, the case must be reversed. Smith v. Smith, Ala., 384 So.2d 1069 (1980); Shelter Modular Corp. v. Cardinal Enterprises, Inc., Ala., 347 So.2d 1334 (1977); Old Southern Life Ins. Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976), appeal after remand, 348 So.2d 1377 (1977); Chandler v. Hunter, Ala.Civ.App., 340 So.2d 818 (1976).
In view of the above, other issues raised by Estes are pretermitted.
The case is due to be reversed.
REVERSED AND REMANDED. APPLICATION FOR REHEARING GRANTED.
WRIGHT, P. J., and BRADLEY, J., concur.