On the evening of Saturday, May 23, 1981, Patrick Lamey and a friend went to Yesterday's Restaurant in Mobile, where he ordered from the menu an item described as a "De La Mer" omelet. Lamey testified that this was the first meal he had eaten since the evening of Friday, May 22, 1981. After eating the omelet, Lamey became very ill and experienced nausea, vomiting, fever, stomach cramps, and diarrhea. His condition worsened until he was admitted to a hospital by his doctor on Tuesday, May 26. The doctor diagnosed his condition as acute gastroenteritis. He stayed in the hospital until June 1. He was unable to return to work for one week after he was discharged and was restricted to light duty for two to three weeks after returning to work.
Lamey filed suit against Yesterday's, charging that due to its negligence or wantonness *Page 989 
he was served food that was spoiled, contaminated, or otherwise unfit for consumption. His original complaint also contained counts based on breach of an implied warranty of fitness for sale and breach of an implied contract.
After filing his complaint, Lamey learned of an inconsistency between the ingredients of the omelet as described in the menu and the actual ingredients of the omelet. Specifically, the menu stated that the "De La Mer" omelet contained crabmeat, trout, onion, and bell pepper in a white sauce, when in fact the only seafood used in the omelet was cod. Upon learning of this fact he amended his complaint to charge fraud. When the case came to trial, the court directed a verdict in favor of Yesterday's on the negligence and wantonness claims and submitted the other claims to the jury. The jury awarded Lamey $27,500 on the fraud claim and returned a verdict for Yesterday's on the contract and warranty claims. The trial court denied the motion by Yesterday's for JNOV or, in the alternative, for new trial. Yesterday's appeals from the judgment on the verdict awarding damages. Lamey cross-appeals, challenging the directed verdict in favor of Yesterday's on the negligence and wantonness claims.
Yesterday's first contends that the trial court erred in submitting the fraud claim to the jury.
To maintain a cause of action for fraud, plaintiff must show that defendant made a false representation; that the false representation concerned a material, existing fact; that plaintiff relied on the false representation; and that he was damaged as a proximate result thereof. Roberts v. Carroll,377 So.2d 944 (Ala. 1979); Earnest v. Pritchett-Moore, Inc.,401 So.2d 752 (Ala. 1981); Fountain-Lowery Enterprises, Inc. v.Williams, 424 So.2d 581 (Ala. 1982). Lamey clearly established that Yesterday's falsely represented a material existing fact by stating that the "De La Mer" omelet contained crabmeat and trout when in fact it contained cod. Lamey further established that he relied on the false representation, purchased the omelet, and was damaged. Thus, the fraud claim was properly submitted to the jury.
The next contention is that the trial court erred in denying Yesterday's motion for a new trial on the grounds of improper argument, as follows:
 "GOTTLIEB: I will submit to you if you want to send them a message that a chain of reference [sic] can understand, if you want to send them a message that you don't like that type of advertisement, that you don't like that type of conniving on the part of their attorney and their owner, if you don't hit them with a $5,000 or $10,000 verdict — if you hit them with something at least get the owner down here for the trial. At least get the attorney from Hattiesburg down here to let them know you don't like it. And the only way you can tell them you don't like it —. . . ."
At this point defense counsel objected and moved for a mistrial. The court denied the motion for a mistrial but did issue a curative instruction, asking the jury to "please disregard counsel's statements concerning the owners or the principals in this claim."
This Court in Southern Railway Co. v. Jarvis, 266 Ala. 440,97 So.2d 549 (1957), found that there are no hard and fast rules by which to decide cases raising allegations of improper argument. Instead, the Court found that each case must be decided on its own merits, with the outcome depending much upon the issues, the parties, and the general atmosphere of the particular case. Furthermore, this Court has held that the control of the argument of counsel is largely within the discretion of the trial judge, who observes the demeanor of counsel and can determine whether a prejudicial atmosphere is created by such remarks. Southern Railway Co. v. Jarvis, supra;Robins Engineering, Inc. v. Cockrell, 354 So.2d 1 (Ala. 1977). Unless there is abuse of discretion by the trial court that results in substantial prejudice, this Court will not interfere with the trial court's ruling. Osborn v. Brown, 361 So.2d 82
(Ala. 1978); Walker v. Cardwell, 348 So.2d 1049 (Ala. 1977). *Page 990 
The trial court instructed the jury that statements by counsel were not evidence. In addition, the court gave curative instructions immediately after the remarks in question were made. Under these circumstances, we do not find reversible error.
As its final issue, Yesterday's argues that the award of damages in the amount of $27,500 was excessive.
Punitive damages need bear no particular relationship to actual damages. U-Haul Co. of Alabama v. Long, 382 So.2d 545
(Ala. 1980); Carroll Kenworth Truck Sales, Inc. v. Leach,396 So.2d 1044 (Ala. 1981). Furthermore, punitive damages awards will not be disturbed unless they are so excessive that they shock the judicial conscience or are so excessive as to indicate passion or prejudice on the part of the trier of facts. U-Haul Co. of Alabama, supra; Pinckard v. Dunnavant,281 Ala. 533, 206 So.2d 340 (1968). The damages in this case were not so excessive as to shock the judicial conscience or to indicate passion or prejudice on the part of the trier of facts.
Lamey contends in his cross-appeal that the trial court erred in granting a directed verdict on his negligence and wantonness claims. Because we affirm the judgment on the verdict in his favor, we see no need to address the issues raised in the cross-appeal. The judgment is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.