Ronald A. Turner and his wife Mary P. Turner appeal from a summary judgment granted in favor of Azalea Box Company. We affirm.
The Turners' complaint against Azalea Box alleged a cause of action under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). Ronald Turner alleged that Azalea Box manufactured and sold a wooden pallet to Coca-Cola Bottling Company of Mobile in a defective and unreasonably dangerous condition and that that defective pallet proximately caused his injuries. Mary Turner alleged a loss of consortium as a result of her husband's injuries. The remainder of this opinion will refer only to Ronald A. Turner as the plaintiff/appellant.
On July 7, 1982, Turner was injured while performing his duties as a warehouseman in the shipping department at the Wometco Coca-Cola Bottling Company. Coca-Cola uses wooden pallets as platforms upon which warehousemen stack various Coca-Cola products. After a pallet is loaded, it is placed upon a truck for shipment. While Turner was loading pallets he allegedly injured his knee when a slat on a pallet broke as he stepped across it. The allegedly defective pallet was not retained by Coca-Cola and has not been located since the accident occurred.
The issues on appeal are whether a scintilla of evidence exists to support Turner's claim that Azalea Box manufactured the allegedly defective pallet, and whether a scintilla of evidence exists to support Turner's claim that the pallet was defective.
The evidence is undisputed that prior to Turner's accident Coca-Cola purchased pallets from Azalea Box and from Gulf Pallet Company. From January 1982 through *Page 254 
June 29, 1982, Coca-Cola purchased 2500 pallets from Azalea Box, of which 1500 were purchased from April 29, 1982, through June 29, 1982. During this time, Coca-Cola purchased 1950 pallets from Gulf, of which 300 were purchased from May 4, 1982, through May 12, 1982.
There was also evidence that Coca-Cola customarily exchanged pallets with other bottling companies throughout the Southeast and continuously repaired pallets purchased or received from all sources.
All the pallets used by Coca-Cola were wooden, similar in size, and had no distinguishing characteristics that would identify the manufacturer of a particular pallet.
Turner testified that the pallet in question appeared to be brand new. New pallets were ordered by Coca-Cola whenever the existing supply was low, and orders were placed more frequently in the summer months. The average life span of a pallet was estimated to be five to seven years.
In an AEMLD action, the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product. Atkins v. American Motors Corp.,335 So.2d 134 (Ala. 1976).
 "Summary judgment is proper only in cases which present no genuine issues of material fact and in which the moving party is entitled to judgment as a matter of law. If the evidence or any reasonable inference therefrom contains the merest gleam, glimmer, spark, the least particle or the smallest trace in support of the theory of the nonmoving party, the trial court must allow the factual questions to go to the jury."
Griffin v. Little, 451 So.2d 284, 287 (Ala. 1984).
However, "evidence which affords nothing more than mere speculation, conjecture, or guess is wholly insufficient to warrant submission of the case to the jury." Roberts v.Carroll, 377 So.2d 944, 946 (Ala. 1979); see alsoHeadrick v. United Insurance Co. of America, 279 Ala. 82, 181 So.2d 896 (1966).
When evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used to support one inference over another because such use is mere conjecture and speculation. Roberts v. Carroll, supra.
In the instant case, there were three, and possibly four, sources from which the wooden pallet in question could have come. Coca-Cola received pallets from Gulf, Azalea Box, and other bottling companies in the area. A fourth source was Coca-Cola's repair of pallets. From this evidence, two things can be equally inferred: (1) Azalea Box manufactured and sold the subject pallet to Coca-Cola, or (2) Azalea Box did not manufacture and sell the subject pallet to Coca-Cola. Accordingly, to use this evidence to support Turner's contention that Azalea Box supplied the pallet in question to the exclusion of other sources is to engage in speculation and conjecture.
Turner cites three cases which he asserts stand for the proposition that the identity of a manufacturer of a defective product may be proven by circumstantial evidence. Coca-ColaBottling Co. v. Miller, 47 Ala. App. 14, 249 So.2d 630
(1971); Birmingham Coca-Cola Bottling Co. v. Gosa,279 Ala. 316, 184 So.2d 827 (1966); Try-Me Beverage Co. v.Harris, 217 Ala. 302, 116 So. 147 (1928). We agree that circumstantial evidence may be used to prove identity. However, in each of these cases, there were no alternative sources; thus, no speculation or conjecture was involved.
Because of our holding above, we pretermit discussion of whether there was a scintilla of evidence to establish that the pallet was defective.
The judgment of the trial court is affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur. *Page 255