KENNEDY, Justice.
The plaintiff appeals from a summary judgment in favor of the defendant, Plantation Transport, Inc. We affirm.
On August 7, 1989, the plaintiff, Karen Hamilton, was driving her automobile in the westbound lane of U.S. Highway 90 in Mobile County. As she approached the intersection of U.S. Highway 90 and Coca-Cola Road, a tractor-trailer truck came from Coca-Cola Road across the eastbound lanes of U.S. Highway 90 and into Hamilton’s lane of travel. Due to the sudden action of the tractor-trailer truck, Hamilton was unable to avoid a collision. Hamilton’s automobile struck the trailer portion of the truck. The truck did not stop following the accident.
At the time of the collision, Hamilton noticed that the license plate on the truck had a white background with green print. Hamilton also noticed that the trailer was white and did not have any logos or numbers on it.
Plantation Transport (“Plantation”) is a carrier for Cola-Cola Bottling Company of Mobile, Inc., whose place of business is on Coca-Cola Road. On August 7, 1989, Plantation had four tractor-trailer trucks present at the Cola-Cola Bottling site. Hamilton alleged in her complaint that a truck owned by Plantation caused the collision. Hamilton stated in her affidavit that Coca-Cola Bottling was the only business located on Coca-Cola Road.
Plantation filed a motion for summary judgment. In support of its motion, Plantation presented an affidavit by Plantation’s safety director. The safety director stated that the four tractor-trailer trucks present at Coca-Cola Bottling on the day of the accident had license plates from either New Jersey or Maine. The safety director also stated that both New Jersey and Maine had white and blue license plates. The safety director further stated that all the trucks are inspected upon their return to headquarters in Albany, Georgia, and that if there had been damage to a truck then the truck would have been repaired and a written record of the repair would have been kept. The safety director also *267 stated that Coca-Cola Bottling was not the only business that had access to Coca-Cola Road.
The sole issue is whether Hamilton presented substantial evidence of a genuine issue of material fact that would preclude summary judgment. Summary judgment is proper when the moving party shows that “there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.CÍV.P. In order to preclude summary judgment on a properly supported motion, the nonmoving party must come forward with “substantial evidence,” that is, “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989), citing § 12-21-12(d), Ala. Code 1975. This Court will view the evidence in a light most favorable to the nonmoving party. Kenai Oil & Gas, Inc. v. Grace Petroleum Corp., 512 So.2d 1347 (Ala.1987).
In the instant case, Hamilton failed to produce substantial evidence that the tractor-trailer truck that caused the accident was owned or operated by Plantation. Hamilton alleged that the tractor-trailer truck did not have any logos or numbers on the trailer. Also, Hamilton stated that the license plate of the truck was white and green and that no business other than Plantation was located on Coca-Cola Road. Plantation presented unrebutted evidence that the license plates on its trucks were white and blue and that other businesses had access to Coca-Cola Road.
Viewing all the evidence in a light most favorable to Hamilton, this Court cannot say that she presented substantial evidence that the truck in question was Plantation’s truck. To conclude that it was would be mere speculation, given the evidence presented. “Evidence that affords nothing more than mere speculation, conjecture, or guess is completely insufficient to warrant the submission of a case to a jury.” Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585 (Ala.1987), citing Sprayberry v. First National Bank, 465 So.2d 1111 (Ala.1984), and Headrick v. United Insurance Co. of America, 279 Ala. 82, 181 So.2d 896 (1966).
We affirm the summary judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.