This case was transferred to this court from the supreme court pursuant to § 12-2-7(6), Ala. Code 1975.
On June 12, 2000, J.W. Moncrief sued attorney Cathy Donohoe, alleging breach of contract, fraud in the inducement, and conversion. Moncrief alleged that Donohoe had agreed to represent Jeff Stanley in an automobile-collision case. Moncrief further alleged that Stanley had borrowed money from Moncrief and had agreed to repay Moncrief out of any proceeds obtained from the automobile-collision settlement. Moncrief also alleged that he had secured a "letter of protection" from Donohoe assuring him that the money loaned would be repaid out of Stanley's settlement proceeds.
Donohoe filed an answer, and Moncrief subsequently amended his complaint to add claims of fraudulent misrepresentation and fraudulent suppression. Donohoe filed a motion for a summary judgment on September 26, 2001. On October 29, 2001, Moncrief filed a statement in opposition to Donohoe's summary-judgment motion; however, he consented to a summary judgment on the conversion and fraudulent-suppression claims. On May 21, 2002, the trial court entered a summary judgment for Donohoe on the remaining claims; i.e., breach of contract, fraud in the inducement, and fraudulent misrepresentation. Moncrief filed a motion to alter, amend, or vacate the trial court's judgment, which the trial court denied. Moncrief appeals.
We review a summary judgment de novo:
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542
(Ala. 1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)." *Page 381 Hobson v. American Cast Iron Pipe Co., 690 So.2d 341, 344 (Ala. 1997).
 I.
Moncrief first argues that the trial court erred in entering a summary judgment in favor of Donohoe on the breach-of-contract count. Donohoe argues that she made no promise personally to pay funds to Moncrief and was therefore not contractually obligated on Stanley's debt to Moncrief. She further argues that the "letter of protection" received by Moncrief from her office specifically provided that Stanley"would see that payment for these services are satisfied." Donohoe also argued that the lack of signature on the "letter of protection" further evidenced a lack of the requisite intent necessary to the existence of a binding contract between Moncrief and her. Moncrief, however, argues that the evidence shows that Stanley assigned the proceeds of his pending settlement to Moncrief to repay the loans; he also argues that Donohoe was on notice of the assignment. Both parties argue the significance of Birmingham News Co. v. Chamblee Harris, 617 So.2d 689 (Ala.Civ.App. 1993), in relation to whether there was a valid assignment in the present case.
In Birmingham News, two parties to a lawsuit, Birmingham News and Hood, entered into a written agreement pursuant to which Birmingham News agreed to withhold the taking of a judgment against Hood until an unrelated civil action in which Hood was the plaintiff had been resolved. Hood, in return, agreed to earmark $9,000 of the proceeds of that unrelated action as payment in full of the obligation made the basis of the lawsuit brought against him by Birmingham News. Hood subsequently settled the unrelated lawsuit, and Hood's counsel, the law firm of Chamblee and Harris, failed to remit any funds to Birmingham News; instead, counsel distributed all of the settlement proceeds to their client, Hood.
Birmingham News sued the partnership of Chamblee and Harris, as well as the partnership's principals in their individual capacities, for the amount it claimed was due under the written agreement. The trial court entered a summary judgment in favor of the partnership and its principals. We reversed the summary judgment, concluding that there had been a valid assignment.
Donohoe attempts to distinguish the instant case fromBirmingham News by arguing that there was no written agreement between her and Moncrief for the delivery of any specific amount of money to cover any particular debts to Moncrief Stanley incurred. We have previously noted in Birmingham News:
 "`"The general rule is that, in order to work an assignment of a chose in action, or contract . . ., there must be an absolute appropriation by the assignor of the debt or fund sought to be assigned to the use of the assignee. The intention of the assignor must be to transfer a present interest in the . . . subject matter of the contract. If this is done, the transaction is an assignment; otherwise not. It is further held that what amounts to a present appropriation, which constitutes an assignment, is a question of intention to be gathered from all the language, construed in the light of attendant circumstances. Where the transaction is evidenced by a written agreement or stipulation in writing, it depends upon the intention of the parties as manifested in the writing, and construed in the light of such extrinsic circumstances as, under the general rules of law, are admissible in aid of the interpretation of written instrument."' *Page 382 
". . . .
 "`There is no requirement that magical words be used to accomplish an assignment, and an assignment may be written, parol, or otherwise. Courts look to substance rather than form. The test . . . is whether the purported assignor intended to transfer a present interest in the subject matter of the contract. This is a question of fact to be determined under the attendant circumstances.'"
Birmingham News, 617 So.2d at 692 (some emphasis original; some emphasis added; citations omitted) (quoting Baker v. EufaulaConcrete Co., 557 So.2d 1228 (Ala. 1990)).
Moncrief submitted transcribed deposition testimony and affidavits to the trial court in his reply to Donohoe's motion for a summary judgment. According to Stanley's deposition testimony, he told Moncrief that Moncrief would be paid out of the proceeds of the settlement in Stanley's automobile-collision case. Stanley also testified that he told Donohoe that he would have to repay loans to Moncrief out of any settlement proceeds. Lastly, Donohoe admitted at her deposition that on at least one occasion Stanley told her to repay one of the loans from his settlement proceeds and that she had confirmed that direction to Moncrief in a conversation.
A summary judgment will be granted for the moving party if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c)(3), Ala. R. Civ. P.; Hobson, supra,690 So.2d at 344. In this case, Donohoe requested a summary judgment on the breach-of-contract count, arguing that she had not personally guaranteed the debt Stanley owed to Moncrief. As to the breach-of-contract count, the trial court's summary judgment stated that § 8-9-2, Ala. Code 1975, mandates that a promise to pay the debt of another must be in writing; that court stated that the unsigned "letter of protection" therefore constituted a void agreement. While we express no opinion on the trial court's judgment as to whether Donohoe had made a guarantee to pay the debt of another, we note that Moncrief's theory of liability on the breach-of-contract count was not as limited as Donohoe argued. Rather, Moncrief clearly stated in his response to Donohoe's summary-judgment motion that his breach-of-contract count was based on a claimed assignment of the settlement proceeds by Stanley to Moncrief in consideration of the loans advanced.
After having reviewed the evidence submitted by the parties, we conclude that there were genuine issues of material fact concerning whether there had been an assignment of the settlement proceeds by Stanley, whether Donohoe was placed on notice of the purported assignment, and the nature and context of any such notice to Donohoe. Accordingly, the summary judgment as to the breach-of-contract claim is due to be reversed.
 II.
Moncrief also argues that the trial court erred in entering a summary judgment in favor of Donohoe on the fraud-in-the-inducement and fraudulent-misrepresentation claims. As to those claims, we disagree.
Donohoe argues that when, as here, the allegedly fraudulent statement concerns a future act, it constitutes promissory fraud. Donohue further argues that Moncrief must prove that Donohoe had a specific intent to deceive when the alleged *Page 383 
statements were made. Settled Alabama law supports her contentions:
 "`"The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform . . . some act in the future . . . is when the evidence shows that, at the time . . . the promises of future action . . . were made, the promisor had no intention of carrying out the promises, but rather had a present intent to deceive."'"
Centon Elecs., Inc. v. Bonar, 614 So.2d 999, 1003 (Ala. 1993) (quoting Hearing Sys., Inc. v. Chandler, 512 So.2d 84, 87 (Ala. 1987), quoting in turn Purcell Co. v. Spriggs Enters., Inc.,431 So.2d 515, 519 (Ala. 1983)).[1]
Moncrief argues that the fact that he claimed to have had a specific conversation with Donohoe before each loan he made to Stanley, coupled with Donohoe's testimony that she did not have such conversations, constitutes "circumstantial evidence" of an intent to deceive on Donohoe's part. Moncrief also alleges that the fact that Donohoe has denies issuing the unsigned "letter of protection" and argues that the letter is unenforceable because it is unsigned constitutes "circumstantial evidence" of an intent to deceive. Lastly, Moncrief argues that the fact that Stanley's settlement, less disbursements, amounted to only $8,765.30, which is considerably less than the $21,000.00 Stanley allegedly owed Moncrief, constitutes "circumstantial evidence" of an intent to deceive on Donohoe's part.
What the above evidence shows is that Donohoe and Moncrief disagree about a certain fact of the case. Additionally, the above evidence shows that Stanley received only $8,765.30 in settlement proceeds, and he was indebted to Moncrief in an amount higher than that. What this evidence does not do is constitute substantial evidence that "at the time . . . the promises of future action . . . were made, [Donohoe] had no intention of carrying out the promises, but rather [that she] had a present intent to deceive." Centon, supra. At best, this evidence is speculative as to her intent at the time the alleged promise, if any, was made.
It has long been held that evidence that affords nothing more than a mere speculation, conjecture, or guess is completely insufficient to warrant the submission of a case to the jury.See Sprayberry v. First Nat'l Bank, 465 So.2d 1111 (Ala. 1984);Headrick v. United Ins. Co. of America, 279 Ala. 82,181 So.2d 896 (1966). Such insufficient evidence, in turn, will not support the denial of a properly supported summary-judgment motion. SeeWint v. Alabama Eye Tissue Bank, 675 So.2d 383 (Ala. 1996);Smoyer v. Birmingham Area Chamber of Commerce, 517 So.2d 585
(Ala. 1987). Based on our review of the evidence appearing in the record, we conclude that Moncrief failed to present substantial evidence to defeat Donohoe's summary-judgment motion as to the fraud-in-the-inducement and fraudulent-misrepresentation claims. As to those claims, the summary judgment is affirmed. *Page 384 
Based on the above, we reverse the summary judgment as to the breach-of-contract count, and we remand the cause for further proceedings consistent with this opinion. In all other respects, the summary judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in part and concurs in the result.
YATES, P.J., concurs in part and dissents in part.
[1] We note that in Purcell, 431 So.2d at 519, our Supreme Court held, applying the "scintilla rule" of evidence, that there was not sufficient evidence to find an intent to deceive at the time the promise was made. After Purcell was decided, the Legislature abrogated the scintilla rule in favor of the evidentiary standard embodied in the "substantial evidence" rule.See Ala. Code 1975, § 12-21-12; Brown v. Gamble,537 So.2d 476, 477 (Ala. 1989) (stating that cases filed after June 11, 1987, are subject to the substantial evidence rule instead of the scintilla rule); and West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989).